EL PUEBLO DE PUERTO RICO, REPRESENTADO POR SU GOBERNADOR, demandante y apelante, *v.* MERCEDES SALDAÑA Y QUINTERO, ET AL., demandados y apelados; JUAN AMARAL, taquígrafo, apelado.

Núm. 9707.—*Sometido:* Junio 3, 1948. *Resuelto:* Junio 16, 1948.

*Hon. Procurador General Luis Negrón Fernández* y *Antonio Riera,* abogado de la Autoridad de Tierras, abogados ambos del apelante; *V. M. Sánchez Fernández,* abogado del taquígrafo apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Los hechos de este caso los expusimos sucintamente en nuestro *Per Curiam* de mayo 17 de 1948, denegando una mo-

ción de desestimación radicada por el taquígrafo apelado, en esta forma:

"El Pueblo de Puerto Rico, representado por el Gobernador, y a nombre de la Autoridad de Tierras de Puerto Rico, radicó demanda de expropiación forzosa contra varios demandados en la Corte de Distrito de Bayamón. Seguido el caso por todos sus trámites, dicha Corte dictó sentencia el 3 de julio de 1947. No conforme la parte demandante apeló y solicitó de la corte inferior ordenara al taquígrafo que intervino en el caso que hiciera la transcipción de la evidencia. Así lo ordenó la corte.

"El taquígrafo preparó y radicó en la secretaría de la corte inferior dicha transcripción y luego radicó una moción solicitando se ordenara a la parte demandante que consignara en corte $111.60 en concepto de sus honorarios, ya que la Autoridad de Tierras se había negado a pagarlos alegando que El Pueblo de Puerto Rico no está obligado a pagarlos.

"El 21 de enero de 1948 la corte inferior dictó una orden (sic) declarando con lugar la moción del taquígrafo y ordenó a la parte demandante que consignara los $111.60 en la secretaría de dicha corte dentro del término de cinco días. No conforme dicha parte, apeló para ante esta Corte Suprema."

Como único error alega el apelante el cometido por la corte inferior al condenar a El Pueblo de Puerto Rico a pagar honorarios al taquígrafo repórter.

De acuerdo con la sección 5 de la Ley creando las plazas de taquígrafos reporters de los tribunales de distrito, determinando sus deberes y fijando sus sueldos y compensaciones, aprobada el 10 de marzo de 1904 (Estatutos y Códigos Revisados de Puerto Rico de 1941, pág. 816), el taquígrafo repórter de una corte está obligado a preparar libre de derechos la transcripción de la evidencia, entre otros casos, cuando sea requerida a nombre de El Pueblo de Puerto Rico.

En el caso de autos, el demandante lo es El Pueblo de Puerto Rico, representado por el Gobernador de Puerto Rico,(¹) quien a nombre y requerimiento de la Autoridad

---

(¹) Véase lo dispuesto en la Ley núm. 39, aprobada el 20 de abril de 1942 (Sesión Ordinaria, pág. 447), como consecuencia de nuestra decisión en *P. R. Ry., Lt. & P. Co.* v. *Ortiz, Juez*, 59 D.P.R. 921.

de Tierras de Puerto Rico,([2]) solicitó la expropiación de 209.4125 cuerdas de ciertos terrenos pertenecientes a los demandados con el fin de dedicarlos a ciertos fines y propósitos autorizados por la Ley de Tierras de Puerto Rico (Ley núm. 26, aprobada el 12 de abril de 1941 ((1) pág. 389)). De acuerdo con el artículo 14 de esta Ley, según enmendado por la Ley núm. 8, aprobada el 29 de marzo de 1945 (pág. 29), a la Autoridad de Tierras de Puerto Rico le fué delegado el poder de expropiación forzosa con la limitación de que sólo podría ejercitarlo " . . . contra personas jurídicas que, por poseer más de quinientos acres, estén violando las disposiciones de esta Ley, y no se ejercitarán contra las personas naturales tales poderes de expropiación forzosa a menos que las tierras en cuestión hayan pertenecido, en 10 de febrero de 1941, a alguna persona jurídica, según éstas se definen en el mencionado Título Tercero."

Están, pues, limitados expresamente los casos en que la Autoridad de Tierras de Puerto Rico puede, por sí, ejercitar una acción de expropiación forzosa. En todos los demás, y en ellos está incluído el de autos, si dicha Autoridad desea adquirir título a cualquier propiedad inmueble o interés sobre la misma, bien por compra o por el procedimiento de expropiación, debe cumplir con el artículo 11 de la Ley de Tierras([3]) y solicitar que la acción se inste a nombre del Gobierno Insular, o sea de El Pueblo de Puerto Rico.

([2]) Véase la Ley núm. 19, aprobada el 30 de noviembre de 1942 (Segunda y Tercera Sesiones Extraordinarias de 1942, pág. 83), en su artículo 2 enmendando la sección 3(a) de la Ley de Expropiación Forzosa.

([3]) El artículo 11 dispone que "A solicitud de la Autoridad, el Gobierno Insular tendrá facultad para adquirir, a nombre de la Autoridad, por compra o por expropiación forzosa, en la forma que proveen esta Ley y las leyes insulares sobre expropiación forzosa, título de cualquier propiedad inmueble o interés sobre la misma que fuere necesario o conveniente para los fines de la Autoridad, y ésta pagará por toda la referida propiedad inmueble. La facultad que por la presente se confiere no limitará ni restringirá la facultad de la propia Autoridad para adquirir propiedades inmuebles por compra o expropiación forzosa."

Tenemos, además, que la propia Ley de Tierras, en su artículo 2 al crear la Autoridad de Tierras de Puerto Rico la hizo formar parte del Departamento de Agricultura y Comercio de Puerto Rico, como una "agencia o instrumentalidad gubernamental de El Pueblo de Puerto Rico". Somos de opinión que la única y verdadera parte demandante en esta acción es El Pueblo de Puerto Rico y, como tal, está exento del pago de los honorarios del taquígrafo en este caso, de acuerdo con la sección 5 de la Ley de 1904, supra.

*Debe revocarse la orden apelada.*

El Juez Asociado Sr. De Jesús no intervino.